Miher KOUYOUMEDJIAN; Eugenie Bedoyan; Joseph Kouyoumedjian; Mania Kouyoumedjian, Petitioners,

v.

## IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–71347.

I & NS Nos. A70–076–448, A70–076–449, A70–076–435, A70–076–436.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2001.

Decided June 7, 2001.

Before HUG and B. FLETCHER, Circuit Judges, and KING,* District Judge.

## MEMORANDUM **

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publi-

The BIA did not err in denying Petitioners' motion to reopen their deportation proceedings. The motion was untimely. Petitioners were required to file a motion to reopen no later than 90 days after the date of the final administrative decision or by September 30, 1996, whichever was later. 8 C.F.R. § 3.2(c)(2). Here, Petitioners' deportation order was affirmed by the BIA on November 24, 1995. They did not appeal. The order was then final. *See* 8 C.F.R. § 241.31. Petitioners did not move to reopen until May of 1999, well after the outside limit of September 30, 1996. None of the exceptions in 8 C.F .R. § 3.2(3) applies.

The BIA did not err in also denying Petitioners' motion to reopen under the Convention Against Torture. The record is unclear as to the exact date that Petitioners' motion was filed, but it appears to have been untimely. In any event, the motion is without merit, for Petitioners have produced no evidence that they would be tortured if they were deported to any of the countries being considered in this case.

In an expression of compassion, the INS has heretofore stayed Petitioners' deportation because of Miher Kouyoumedjian's medical treatment. Should the INS at some point cease to stay deportation, Petitioners' period for voluntary departure will likewise cease to be stayed. Petitioners will then need to effectuate voluntary departure or face potential deportation.

Accordingly, the BIA is DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.